SLATTERY *v.* P. L. RENOUDET LUMBER CO. ET AL.

[82 South, 332, Division A, No. 20825.]

LIS PENDENS. *Dismissal of one defendant. Effect. Cancellation.*

Under section 536, Code 1906 (Hemingway's Code, section 293), an attachment will lie in chancery against a non-resident debtor who owns land in this state or against such a debtor whether he owns land in this state or not, where a person in this state who has in his hands effects of or is indebted to, such nonresident debtor, can be joined with him as a codefendant, and the procedure in such case is that of ordinary suits in equity and not that of actions at law.

2. SAME.

Where a bill for attachment in chancery against a nonresident box company alleges that the box company owns land or an interest therein and also that a resident lumber company one of the defendants has in its possession property belonging to the box company. The dismissal of the bill as to the lumber company left it still pending as to the box company, so that a *lis pendens* notice filed with the bill should not be cancelled, but should remain in force until that branch of the case is determined adversely to complainant.

APPEAL from the chancery court of Adams county. HON. R. W. CUTRER, Chancellor.

Bill by Edward L. Slattery against P. L. Renoudet Lumber Company and another. From a decree cancelling a *lis pendens* notice, complainants appeals.

The facts are fully stated in the opinion of the court.

*A. H. Geisenberger* and *W. C. Martin,* for appellant.

The counsel for the appellees, the Renoudet Lumber Company, seems to have lost sight of the fact that the pleadings in this cause were materially different at the time the decree herein appealed from was rendered by the court below, and the facts shown thereby materially different also, than at the time the decree of March, 1918, was rendered dismissing the appellee as garnishee.

As shown by the record herein, the motion, asking leave to amend the bill of complaint, had been granted by the court below before the present decree directing the cancellation of the *lis pendens* notices had been rendered.

The material changes made by the amendment are self evident. The facts therein stated showed that at the time of the institution of the suit, the deal pending between the Southwestern Lumber & Box Company and the subsequent purchaser of the lands of the said Southwestern Lumber & Box Company, had not been consumated; that a purchaser able, willing and ready to buy had been found by the complainant, thus entitling him to his commissions for the making of the sale; but that the title to the lands involved was yet in the Southwestern Lumber & Box Company, and that the said Company was the owner of the said lands at the time of the institution of the suit.

Therefore, the amendments allowed to be made in the bill of complaint must be taken as of the date of the filing of the suit, and the property being then owned

by the Southwestern Lumber & Box Company, and presumably so at the time the levy of the attachment was made, it made no difference when the sale was finally consummated between the Southwester Lumber & Box Company, and its co-defendant, the Renoudet Lumber Company.

In fact there is no time stated in the pleadings or in the record in this cause, when the title passed from the Southwestern Lumber & Box Company to the appellee, but from the pleadings, as amended, the title had not passed at the time of the filing of the bill of complaint; and the lands levied on therefore were then the property of the Southwestern Lumber & Box Company; and the appellee could have been held only as garnishee.

The decree of March, 1918, dismissed the appellee as garnishee, as has been stated in the original brief of appellant, and the appellee was treated only as such garnishee when that decree was granted; and surely the dismissal of the appellee as garnishee did not warrant the cancellation of the *lis pendens* notices for any purpose; but the cancelation of the *lis pendens* notices could be had only when the case was finally determined on the merits.

The court will notice from the record herein that the demurrer of the appellee to the original bill of complaint (framed then in its double aspect) was overruled and the Renoudet Lumber Company was required to answer the original bill of complaint.

With the bill framed as it was, in its double aspect, the answer of the Renoudet Lumber Company showed that it did not owe the Southwestern Lumber & Box Company anything, nor did it have any of the property of the Southwestern Lumber & Box Company in its hands or possession, and therefore, the answer not having been traversed, as the chancellor deemed necessary, the bill of complaint as to the garnishee, was dis-

missed; but, surely it will not be contended for a moment that the dismissal of the bill of complaint as to the garnishee would, in any degree, operate as a dismissal of the cause upon the merits, nor effect the release of any lands lawfully levied upon as the property of the principal defendants in the attachment in chancery.

And, as the Renoudet Lumber Company answered as garnishee, considered itself a garnishee, and was dismissed from the suit as garnishee, it was out of the case for all purposes. The judgment which was granted by the court assessing attorneys fees of two hundred and fifty dollars and costs against the complaint (appellant) had been paid; the appellee accepted the fee of two hundred and fifty dollars as assessed in its favor as garnishee, and when it did that, it accepted the decree for all purposes and it (the appellee) was then out of the case entirely and for all purposes and should not have been permitted to appear in the case again, and the motion made by it should not have been considered by the court. It was no longer a party defendant, either as garnishee or otherwise, and therefore should have no standing in the case for any purpose.

Therefore, we contend again that from the pleadings as they now stand, and as they were on the date the decree herein appealed from was granted, the facts as shown thereby were that the property in controversy in this suit, and for the sale of which the complainant was claiming his commissions for services rendered by him as real estate agent, as shown by the amended bill of complaint, was the property of the Southwestern Lumber & Box Company, the debtor to complainant; and no change should be permitted to be made in the *status* of the property, then the property of the Southwestern Lumber and Box Company, until the meris of the cause have been heard and determined by the court.

.We respectfully submit that the decree of the chancellor should be reversed and the cause remanded.

*Ratcliff & Kennedy,* for appellees.

There are many reason why the land sold by the Southwestern Lumber & Box Company could not be attached by the complainant for his commissions, in making the sale and thus burden said property with a debt of ten thousand dollars and other reasons why P. L. Renoudet Lumber Company, being a foreign corporation and not a resident of this state, could not be garnished under our statutes, but if the counsel.on each side of this case understand their case at all, these questions are not involved on this appeal and both sides agree, as will be seen from the respective briefs filed herein, that on the 5th day of March, 1918, a decree was rendered by the chancery court of Adams county, dismissing the bill of complaint, as to this appellee and discharging it and that this was a full decree in so far as the appellee was concerned, and it is further agreed that no appeal was taken from this decree. ` Independent of an agreement, however, the record indisputably shows that these are incontrovertible facts.

So far as this appellee was concerned, this decree of March 5, 1918, dismissing the bill of complaint as to it put it and its property out of the litigation and ended the litigation between complainant and this appellee, unless that decree had been appealed from, and this appellee was no longer in court, and after that date, March 5, 1918, there was no suit or proceeding of any kind pending in court, involving either it or its property. This decree of March 5, 1918, which will be found on page 49 of the record was not only not appealed from, but was acquiesced in and the cost paid, as will be seen by reference to an admission thereof in the brief of counsel for appellant, and whether this decree was

right or wrong, the parties to the litigation are bound by it and counsel or both sides of this appeal are of one accord that this decree is not questioned before this honorable court on this appeal and is in no way involved in the appeal now before this court, and it is an adjudicated matter, confesslly so, that neither this appellee nor any property in its possession is liable to the complainant for any claim it has against the Southwestern Lumber & Box Company, the only question involved in this appeal being, the bill of complaint having been dismissed as to this appellee and its property attached discharged from the attachment and the litigation ends as to this appellee and its property, did the court have the right or the power and did it correctly exercise such right or power in entering an order at the instance of or on motion of the Renoudet Lumber Company to direct its clerks—that is the clerks of the courts of Adams and Wilkinson counties to note on the *lis péndens* docket the fact that the bill of complaint against this appellee had been dismissed and the attachment on its property discharged.

The decree appealed from was nothing more nor less than an order of the court, directing its clerk where to enter its findings, as contained in the decree of March 5, 1918, and what to enter as the findings of the court, contained in its decree of March 5, 1918.

This order, directing the clerk to enter on the record what that decree established, was not an issue and raised no issue between the complainant and this defendant, but it was simply a direction by the chancery court to its clerks to enter its findings, as set out in the decree of March 5th.

The record positively shows that the *lis pendcns* notice was filed with the chancery clerk of Wilkinson county on September 23, 1916, *lis pendens* record number one, page 20, signed Lytt Lewis, Clerk, while the levy

itself was made on September 11, 1916, but the *lis pendens* notice was not filed until the 23d.

More than this, the complainant knew at the time he filed his bill of complaint that the Southwestern Lumber & Box Company had already conveyed all these lands to this appellee, though the deed was not of record at the date the suit was filed. Yet, the complainant had actual knowledge of that fact and the complainant specifically charges in his bill that said property had been conveyed by the Southwestern Lumber & Box Company to the P. L. Renoudet Lumber Company.

Counsel are again in error in stating in their brief that the *lis pendens* notice was filed when the deed of conveyance under which this appellee holds title was executed and filed.

We unhesitatingly say, after reading every word contained in this record that there is nothing in the record to substantiate such a statement, but the record does show inferentially to the contrary.

The *lis pendens* notice was not filed in Wilkinson County until the 23rd of September and in Adams County, not until the 26th day of September, therefore, if the deed of conveyance was not filed before the *lis pendens,* is must have been held off the record purposely, for a number of days. It is true that this is not conclusive, it is merely argumentative, but certainly the record does not show anything to justify the statements made in counsel's brief for the appellant, and our understanding of the law is that this court would not be justified in assuming a state of affairs inconsistant with the decree of the lower court, but on the other hand the presumption is that the decree of the lower court was correct, unless the contrary appears from the record.

The whole proposition in this case, so far as this appellant is concerned, is to hold this appellant's land and subject it to the payment of a debt that complainant admits it does not owe, that he has no claim against this

appellee and also against lands that the complainant claims he sold for the Southwestern Lumber & Box Company, which to our minds is an impossible proposition, and we think we could substantiate this by an abundant authorities, but we do not think, nor does counsel·on the other side conceive this question to be involved in this appeal before the court and therefore, neither of us have discussed it.

The simple question here, as we conceive it, is whether the court had the right to direct its clerks to enter its findings as stated in a decree, rendered in vacation at the next ensuing term of the court on the proper records. The court had adjudicated that the defendant was not liable and that the land it had acquired from the Southwestern Lumber & Box Company was not liable for the complainant's claim  and this decree appealed from was simply an order to the clerks to enter such findings on the proper record, and we think such order was entirely proper and disregarding statements made in counsel's brief not justified from the record. We have the utmost confidence that this court will take the same view of it that the chancellor did and affirm this decree.

SMITH, C. J., delivered the opinion of the court.

This is an attachment in chancery, and the appeal is from a decree ordering the cancellation of a *lis pendens* notice.

The appellant exhibited an original bill in the court below against the Southwestern Lumber & Box Company, which will be hereinafter styled the box company, and P. L. Renoudet Lumber Company, which will hereinafter be styled the lumber company, alleging in substance that he was employed by the box company to sell certain land therein described and which was owned by it; that pursuant to his efforts the box company sold the land to the lumber company and became thereby

indebted to him in the sum of ten thousand dollars, which it declines to pay; that both of the defendants are foreign corporations, the lumber company "having a representative in the county of Adams, state of Mississippi, upon whom process can be served."

The sixth paragraph of the bill and the prayer thereof are in the following language:

"That complainant is advised that the said lumber company is in the state of Mississippi and has property of the box company in its possession, and that complainant is entitled to a writ of attachment against said lumber company to subject in its hands said property, and furthermore, complainant avers that, as it is advised, said box company still continues to be the owner of said land, or of some interest therein, as to which complainant prays discovery, and that complainant is entitled to an attachment against said lands for the enforcement of its said demand, said box company being now and always having been nonresident from the state of Mississippi. Wherefore, the premises considered, complainant prays that said parties named in the caption hereof may be made parties defendant hereto, and that they be required to plead, answer or demur, but answer under oath is expressly waived, and that upon final hearing a decree be rendered herein in favor of this complainant against said box company for the amount of ten thousand dollars, and that an attachment issue in accordance with the chancery practice, both against said lumber company and against said land, to subject the same to the indebtedness of this complainant by said box company for the amount aforesaid; and for such other, further and general relief as in equity and good conscience may seem meet; and as in duty bound, etc."

Upon the filing of this bill, a writ of attachment was issued commanding the officer to whom it was addressed to "attach the Southwestern Lumber & Box Company by its real estate," etc., and the return of the officer

thereon shows that it was levied "upon the unoccupied lands of the defendant," describing the land as in the bill. The record contains no writ or summonds for the lumber company, but one seems to have been issued and returned executed, for on motion of the sheriff he was permitted to amend this return so as to show that the lumber company was not found in his county after diligent search and inquiry. A *lis pendens* notice was filed pursuant to section 3148, Code of 1906, section 2499, Hemingway's Code. The box company has not yet appeared in the court below, but the lumber company appeared and filed a demurrer to the bill, which demurrer was overruled, and thereupon it filed an answer admitting that it purchased the land, but denying that it purchased it through the appellant; that the box company owned any interest therein; that it is indebted to the box company or knows of any person who owes it or has property belonging to it in its possession.

After the filing of this answer and on motion filed by it, the lumber company was discharged and the bill was dismissed as to it by a decree reciting that: "This cause coming on to be heard in vacation by agreement on the motion of P. L. Renoudet Lumber Company, garnishee, in the above-entitled cause to discharge it upon its answer theretofore filed, denying any indebtedness to the principal defendant, and also denying that it had any property of any kind or character in its possession belonging to the principal defendant, and the court having heard the argument of counsel in vacation, upon the motion so made at the regular July term of said court, when said answer was filed, and it appearing unto the court that the P. L. Renoudet Lumber Company, garnishee, filed its answer as required by law, and that it denied that it was indebted to the principal defendant or had any property or effects of the defendant in its possession or under its control, and otherwise answered as required by law, and it further appearing to

the court that said answer was in no way contested, or controverted by the complainant herein, and the court having taken the matter under advisement, and being now fully advised in the premises, doth order, adjudge and decree that said motion of the garnishee be and the same is hereby sustained, and the said garnishee, P. L. Renoudet Lumber Company, Ltd., be and it is hereby discharged, and said bill of complaint is dismissed as to the garnishee defendant.''

At the succeeding term of the court the appellant was allowed to amend the sixth paragraph of his bill without prejudice to the lumber company so as to make it read as follows:

''Complinant avers that said box company still continues to be the owner of said lands, and that complainant is entitled to an attachment against said lands for the enforcement of his said demand, said box company being now and at all times a nonresident of the state of Mississippi.'' .

At this term of court, on motion of the lumber company an order was also entered directing the clerk to cancel the *lis pendens* notice, from which order an appeal was granted to this court to settle the principals of the case.

Under section 536, Code of 1906, section 293, Hemingway's Code, an attachment will lie in chancery against a nonresident debtor who owns land in this state or against such a debtor whether he owns land in this state or not, where a person in this state who has in his hands effects of, or is indebted to, such nonresident debtor, can be joined with him as a codefendant, and the procedure in such cases is that of ordinary suits in equity and not that of actions at law.

The bill here under consideration, while inartificially drawn, proceeds on the theory that the complainant is entitled to an attachment on both of the foregoing grounds, for it alleges that the box company owns the

land or an interest therein and also that the lumber company has in its possession property belonging to the box company. The dismissal of the bill as to the lumber company left it still pending as to the box company, so that the *lis pendens* notice should not be canceled, but should remain in force until that branch of the case is determined adversely to the appellant.

We are not here concerned with the cause of action attempted to be stated in the bill against the lumber company, nor with error *vel non* in the decree dismissing the bill as to it; no questions relative thereto being presented to us by this record.

*Reversed and remanded.*