SLATTERY v. P. L. RENOUDET LUMBER CO., LIMITED.

87 South. 488.   No. 21724.

1.  ATTACHMent.  Garnishment Agent may attach property sold for commission, but cannot attach buyer's property for seller's debt; attachment fails where buyer was garnished after paying purchase money.

    Where an agent suing for commission depends on making a sale to give him a right to a commission, he may attach or seize the property sold for the commission. He is not entitled, in such case, to attach the property of the buyer for the debt of the seller. And where a sale is made and the purchase money paid before garnishment is served, and where no property of the defendant is attached, save that sold by the agent, the attachment fails.

2.  ATTACHMENT.  Lien exists only when property seized; lien does not relate back to filing of bill.

    An attachment lien does not arise from the filing of a bill, but only exists when the property is seized. It does not relate back to the date of the filing of the bill, but dates from the seizure under the writ.

3.  ATTACHMENT.  Where property belonging to third persons is seized, they may intervene to cancel lis pendens notice.

    Where an attachment is sued out in the chancery court and property is seized, which belongs to third persons, and lis pendens notice is filed describing property not belonging to the defendant, but belonging to such third persons, such person may intervene in the suit to protect this property and to cancel lis pendens notices affecting such property or beclouding the title of such persons.

APPEAL from chancery court of Adams county.

HON. R. W. CUTRER, Chancellor.

Action by Edward L. Slattery against the Southwestern Lumber & Box Company, with the P. L. Renoudet Lumber Company, Limited, as garnishee. From orders overruling certain motions, and a decree discharging the garnishee

and canceling a notice of lis pendens, plaintiff appeals. Affirmed.

See, also, 120 Miss. 621, 82 So. 332.

*A. H. Geisenberger* and *Martin & Byrnes,* for appellant.

It appears that this suit was filed, and attachments levied and *lis pendens* notices filed in both Adams and Wilkinson counties, before the deed from Southwestern Lumber & Box Company to Renoudet Company was recorded in either of said counties.

In this condition of affairs the question is whether the court lost jurisdiction to proceed further with the case when it appeared that, as to Adams county lands, the deed to Waddell-Williams Company, had been executed after filing of the suit, but before levy of the attachment, on Adams county lands, but that said levy had been made before the deed had been placed of record.

The statute governing the venue of suits in the chancery court is section 561, Code 1906, and we take it that an attachment suit in chancery is governed by that part of this section that reads as follows: "Other suits respecting real or personal property may be brought in the chancery court of the county in which the property, or some portion thereof, may be."

When this suit was brought there was nothing of record in either Adams or Wilkinson county to show any change of ownership from the Southwestern Lumber & Box Company, to any one else. When the attachment was levied in both counties the record was still barren of any conveyance from Southwestern Lumber Company to any one. Now, appellant was bringing his suit against Southwestern Lumber & Box Company by attachment against its real estate; that real estate consisted, to all appearances and actually of lands in both Adams and Wilkinson counties. Appellant could have filed his suit in either of these counties and been strictly within the terms of section 561, *supra.* He selected Adams county as the one in which to

file suit. Is it possible that because the sheriff of Adams county failed to promptly levy his attachment writ so that the Southwestern Lumber Company had executed its deeds to Renoudet Company before the levy, therefore all jurisdiction of the chancery court was lost. Is this possible when we consider that had the appellant by chance selected the Wilkinson county court as the forum, and the same facts had taken place as actually occurred, there could be no doubt that the court could go ahead with the case at least so far as the lands in Wilkinson county were concerned.

We submit that such is not the law; that the jurisdiction in such case is not such as may be ousted after suit filed by a mere chance, but is fixed by the condition existing at the time the suit is filed; that if, at that time, the court had jurisdiction, it would not lose it by reason of anything occurring thereafter; though it might lose the power to act against some special property by reason of said occurrence. Our argument here is that inasmuch as there were lands belonging to the Southwestern Company in both counties at time of suit the jurisdiction of either court would attach and could not be destroyed by anything occurring subsequent thereto, so long as any property remained subject to the attachment levy. In this case, granting there was no error in the court's order discharging the attachment as to Adams county lands, there yet remained subject to the lien of the attachment all the Wilkinson county lands, so that the jurisdiction of the court remained perfect. If, however, the case was that it appeared from the record that the lands in both Adams and Wilkinson counties had been sold and conveyed before the levy of attachments therein, a different result might follow and the decree of the court appealed from would have a better foundation.

Furthermore, we submit to the court that, under sections 2787 and 2788 of Code of 1906, these lands, both in Adams and Wilkinson counties, were held by the attachments levied upon them. Upon the levy of the attach-

ment the attaching creditor, Slattery, acquired a lien upon all the lands, and was protected by the above quoted sections. If so, so far as this suit is concerned, the sale and conveyance to Renoudet Lumber Company was as though it had never been made; the recordation of the deed came too late to affect the attaching creditor, who had levied in both counties before record of the deed in either. Appellant certainly could not have been held at the time he sued out his attachment suit and filed his bill, as having any notice of the deed to Renoudet Company, for the sufficient reason that the deed was not then executed. Could he be placed in a different position afterwards by reason of failure of the sheriff of Adams county to promptly levy the attachment writ in his hands? We say not. The truth is that while appellant feared, and had reason to fear, that Southwestern Lumber Company might, to defeat his claim for commission, convey all the lands either to Renoudet Lumber Company or to some other concern, and for that reason he attached, yet he had no notice of any actual, existing conveyance, either when he brought his suit or until after the deed was actually filed for record. The fact that there was a probability, or possibility, that such conveyance would be made did not put him on notice; we submit that an examination of the authorities on the point will show that the doctrine of notice applies only as to conveyances actually in existence, and not as to those that may later come into existence.

Upon the record we respectfully ask the court to reverse and remand so that its former decision in this case may be made operative and appellant may have an opportunity to establish his legal rights in the premises; and we also ask that, in remanding the court will so shape its decree as to prevent any further side blows from persons, or corporations, not parties, by indicating that such strangers to the record have no standing to enter their appearance herein, so the lower court may exclude them hereafter.

*Ratcliff & Kennedy,* for appellee.

The court will please observe that this case is an attempt by the appellant to collect his commission from the purchaser of the lands, the Renoudet Lumber Company, when his bill of complaint alleges that he was employed by the grantor, the Southwestern Lumber & Box Company and that it alone is indebted to him for the commission. The original bill of complaint sought no relief against the Renoudet Lumber Company except for it to answer whether or not it was indebted, and to give information as to the interest of said Box Company in said lands.

We submit to the court that a broker, representing the owner of lands, cannot negotiate a sale and thereafter collect his commissions at the expense of the grantee whom he induced to buy.

The fourth assignment of error is: "That the court erred in sustaining the motion of Waddell-Williams Lumber Company and rendering a decree thereon discharging the attachment and cancelling the notice of the *lis pendens* as to the lands in Wilkinson county levied on in this suit."

This assignment of error is the only one, in our opinion, that is pertinent to the issue involved in the lower court, and that is properly assignable against the decree appealed from. It is the only assignment by appellant that is a direct attack upon the decree complained of. The decree herein appealed from was rendered on the third day of August, 1920, and at the July term of the chancery court of Adams county, and at that particular time the *status* of the case was as follows:

"The bill of complaint was pending against the Southwestern Company, a non-resident, upon whom process had not been had except by publication. There was also pending an amendment to this original bill, making the Southwestern Lumber & Box Company and the P. L. Renoudet Lumber Company defendants thereto. Process had been issued to the sheriff of Adams county and returned that the principal defendant had not been found and under

diligent search and inquiry . . . Attachment had been issued to the sheriff of Adams county, and levied upon certain lands in Adams county, but at the January term theretofore, the writ had been quashed and the lands released from the levy and adjudicated to be lands of P. L. Renoudet Lumber Company. An alias writ of attachment had been issued to the sheriff of Wilkinson county and a return made thereon showing a levy upon the lands in Wilkinson county.

It is therefore apparent that the bill and amended bill was pending in the chancery court of Adams county, Mississippi, without personal process upon the principal defendant, without jurisdiction of a garnishee debtor, and without an attachment of any property within Adams county as the property of principal defendant, the attachment as to the Adams county lands having been released by an order of the court at a former term thereof, and without objection from this appellant, and we therefore submit that the chancery court of Adams county was without jurisdiction to enter a decree as to the lands in Wilkinson county, Mississippi, said lands being the only property then before the court by way of attachment. Upon this proposition the authorities are unanimous.

Under section 561 of the Code of 1906: "Other suits respecting real or personal property may be brought in the chancery court of the county in which the property or some portion thereof may be."

In the case of *Pollard* v. *Phalen*, 53 So. 453, it was held: "That a suit respecting personal property is not brought in the county where it is situated, as, by Code of 1906, section 561, it shows it is ground for a demurrer to the bill." The circuit court is without jurisdiction to render a judgment by default in attachment suit against a defendant who is served with process in another county."

In *Werner Sawmill Co.* v. *Sheffield*, 42 So. 876, it was held: "A court has no jurisdiction of an attachment against a non-resident where the complainant fails to show that the party upon whom the writ was served had

in its possession at the time any property subject to the attachment."

In *Yale* v. *McDaniel,* 12 So. 556, it was held: "Attachment can only be sued out in the county where the debtor resides or last resided, or where his property is found." Neither the defendant, any of his creditors, nor any of his property was found in Adams county, Mississippi, where the bill was pending, but the only property claimed to have been found and against which a judgment was asked, was that upon which a levy had been made in Wilkinson county under an *alias* writ of attachment.

The exact principle of law is very clearly stated in 6 Corpus Juris, page 96: "A writ cannot be sued out to attach property in a foreign county unless there is an attachment of property within the county where the suit is brought or personal service on defendant within the county to give the court jurisdiction."

This principle absolutely governs this case, and is borne out by the Mississippi decisions which we have cited. Not only is it perfectly apparent that this is the law, but a consideration of the reverse thereof will prove the soundness of the rule and the absurdity of the reverse. Could the chancery court of Adams county, Mississippi, entertain a suit by way of attachment against a non-resident where personal process was not had upon an *alias* writ of attachment to some other county in the state under which property was seized but without any property having been seized in Adams county? If the principle contended for by appellant's counsel is correct, then the chancery court of any county in the state of Mississippi has jurisdiction of a suit against a non-resident, provided property of the non-resident can be found at any place in the state of Mississippi.

We submit that jurisdiction is absolutely lacking when it depends solely upon the attachment of property under an *alias* writ. *Baum* v. *Burns,* 66 Miss. 124.

Again, at that particular time, all of the lands in Adams county which had been levied upon in this cause, had been,

at a previous term of the court, released from the attachment as the lands of Renoudet Lumber Company and not the lands of the principal defendant, and the court here therefore had not acquired jurisdiction by an attachment of lands of the principal defendant.

Upon this proposition of the jurisdiction of the court, we submit that the court, upon its own motion, had the right to discharge said attachment and release said *lis pendens* notice without appearance of either Renoudet Lumber Company, or the Waddell-Williams Company, for the court had no jurisdiction to enter a decree with respect to the sale of lands in Wilkinson county and therefore, if appellant is correct, that neither of said companies had the right to be heard, the decree should still be affirmed, because the court had the right, and it was its duty to dismiss the cause for want of jurisdiction.

Upon the merits of this cause, we desire to sumbit to the court that the *lis pendens* against these lands should have been cancelled upon the record now before the court, regardless of the question of jurisdiction. The claim of the appellant to his commission is based upon his assertion that he was the procuring cause of the Renoudet Lumber Company buying the lands in question from his principal, the Southwestern Lumber & Box Company, his principal, owed him the commission. There is no allegation that the Renoudet Lumber Company owed the commission, or any part thereof, nor did anything whatsoever to prevent the Southwestern Lumber & Box Company, paying said commission under this state of facts disclosed by the complainant's pleadings and the evidence now offered to the effect that the Renoudet Lumber Company really did purchase the lands and receive a deed therefor, and paid the purchase price therefor, is it not perfectly apparent that the complainant is estopped to assert any prior claim of lien as against the said lands which he induced this defendant to buy? If the complainant, Slattery, had a claim against said lands, it was his duty to make known

to the Renoudet Lumber Company whom he induced to buy said lands, that he had such claim .

We submit to the court that if the complainant's claim had been in the form of a record mortgage, filed before the deed to Renoudet Lumber Company · was made, he would be estopped under the state of facts in this case to assert it as a prior lien upon the lands. The claim of this appellant is by way of attachment against the very thing he induced this defendant to buy, and without any notice whatever to this defendant that he did have, or would make such claim. We submit to the court briefly that it is not reasonable that a real estate broker should induce one to buy a tract of land and then attach the particular land as the land of the grantor before the deed was placed of record, and thereby had a priority, and in effect, make the purchaser, whom he induced to buy—pay his commission. The purpose of recording a deed or a mortgage is to give notice to third parties; it is not of any benefit whatever to the parties to the deed or mortgage; at most, the recording is only constructive notice, and can, under no circumstance be given more effect than actual notice. Actual notice to any third party as to the sale of lands is just as binding and effective upon him as the actual recording of the deed, which would be only constructive notice to him.

Appellant grounds his claim in this case upon the fact that his attachment was sued out before the deed was recorded; but admits in the bill of complaint that he knew of the sale of lands, and, in fact, was the procuring cause of the sale of the lands, to the Renoudet Lumber Company for a valuable consideration. We then ask, Can the appellant prevail in his attachment suit where he had actual notice if he could not have prevailed with constructive notice? However, the mere attachment nor the return of the officer creates any attachment lien as against third persons but it is the record of the levying attachment in the *lis pendens* record, and it is not shown in this record

that any such record was ever made, but if so, it is not shown when it was made.

And, in conclusion, we submit to the court that the chancellor was correct in holding that he had no jurisdiction to further proceed in said cause, and for that reason the *lis pendens* should be cancelled, but, in addition thereto, the decree was proper because this complainant is estopped to make any prior claim to a satisfaction of his debt out of the lands in the hands of this defendant, whom he induced to buy, and of which purchase he had actual notice before filing the bill of complaint.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, acting as a real estate agent, and representing the Southwestern Lumber & Box Company, undertook to sell, and did sell, to the appellee the Renoudet Lumber Company, Limited, certain timber lands situated in Adams and Wilkinson counties, and after the sale was made, and before the deed was returned to Natchez for recordation, this attachment was sued out against the Southwestern Lumber & Box Company, in the chancery court, and the appellee Renoudet Lumber Company was made a party and served as a defendant and as garnishee. But before the service of the process on defendant the Renoudet Lumber Company, the deed was returned and placed to record. The appellee Renoudet Lumber Company filed an answer denying that it was indebted to the Southwestern Lumber & Box Company, or that it had property belonging to the said company, or that it knew of others having such property, and also denied that the Southwestern Lumber & Box Company owned any of the land described in the bill, or any interest therein. The Southwestern Lumber & Box Company did not appear, and was served only by publication; it being a nonresident of the state of Mississippi.

The court, on the hearing on motion, discharged the garnishee, the Renoudet Lumber Company, and entered

an order canceling the *lis pendens* notice filed in the two counties; from which order canceling the *lis pendens* notice of formal appeal was prosecuted to this court, and the judgment canceling the *lis pendens* notice was reversed until the issue between the appellant and the Southwestern Lumber & Box Company should be determined in the court below.    The former appeal is reported in 120 Miss. 621 et seq., 82 So. 332.

Subsequent to the attachment being served, the Renoudet Lumber Company sold the timber and timber lands involved, to the Waddell-Williams Lumber Company, a Louisiana corporation, and after the cause was remanded to the court below, this company filed a petition to be permitted to intervene to protect its rights and to have the *lis pendens* notice canceled as against its lands in Wilkinson county; and the appellee, the Renoudet Lumber Company moved to cancel the *lis pendens* notice as to the lands in Adams county.

The attachment was levied on the lands in Wilkinson county on September 11th and *lis pendens* notice sent with the process, but no defendant was served in Wilkinson county, and no property therein attached except that involved in the sale on which the claim of the complainant is founded.

There was no proof taken by the complainant to show ownership of the timber or any interest therein in the Southwestern Lumber & Box Company, other than the attachment proceedings and the deed from the Southwestern Lumber & Box Company to the Renoudet Lumber Company, and no other property was attached.

The following assignments of error are filed:

(1)   The court erred in rendering the decree of February 9, 1920, discharging the attachment and canceling notice of *lis pendens* as to lands in Adams county.

(2)   The court erred in overruling the motion of the appellant that the Waddell-Williams Lumber Company should not be heard until the appeal cost, taxed to the Renoudet Lumber Company by this court, but paid by the

appellant, has been paid by the said Waddell-Williams Lumber Company or the Renoudet Lumber Company.

(3)   The court erred in overruling the motion of appellant that neither the Waddell-Williams Lumber Company nor the Renoudet Lumber Company could be heard in the cause.

(4)   The court erred in sustaining the motion of the Waddell-Williams Company in rendering a decree therein discharging the attachment and cancelling the notice of *lis pendens* as to lands in Wilkinson county, levied on in this suit.

The decree of February 9, 1920, discharging the attachment and canceling the notice of *lis pendens* as to the Adams county lands, we think, was proper because it clearly appears that the appellant's suit is based on a commission claimed from the Southwestern Lumber & Box Company for the sale of the lands in controversy to the Renoudet Lumber Company, and that the purchase money was paid for these lands prior to the service of the attachment and garnishment.   The appellant does not contest, or did not contest, the answer to the garnishee, the Renoudet Lumber Company, that it had paid the purchase money and owed the Southwestern Lumber & Box Company nothing at the time of the service of the writ.   The suit could not be sustained unless the said company owed the Southwestern Lumber & Box Company some money, or unless the said lumber company owned some property, other than that attached by the complainant, in the state in which it was attached.   The appellant cannot contend that the company owned an interest in the property because the foundation of his claim to a commission depends upon a sale of property, and there is no pretense that the property attached is not the property sold by the Southwestern Lumber & Box Company to the Renoudet Lumber Company.

It further appears that the deed from the Southwestern Lumber & Box Company to the appellee, Renoudet Lumber Company, was executed and delivered prior to the service of the attachment and the filing of the *lis pendens*

in Adams county. No lien could be established until the writ was served. It is the seizure of property under attachment proceedings that creates the lien on the property; inasmuch as no property except that sold by complainant was attached, the attachment fails.

The contention that the appellees Waddell-Williams Lumber Company, who bought from the Renoudet Lumber Company subsequent to the attachment, should not be allowed to intervene, and that the Renoudet Lumber Company should not be allowed to reappear in court and make motion to cancel the *lis pendens* notice after it had been discharged by the former judgment as garnishee, is also unsound in our opinion. The *lis pendens* notice would appear to create a cloud on the title of these appellees. It might seriously affect their ability to sell or finance said property so long as the attachment proceedings stood against them. It is true it could file a separate bill to have these notices canceled, but we think it could also intervene and prevent the establishment of a cloud by a judgment of the court. Whenever a party has a claim to property in litigation, which might be adversely affected by the litigation, though he is not a party to the litigation, he may become a party on motion for the purpose of protecting his own property from being jeopardized or his title from being beclouded.

There is no merit in the contention of the appellant that the appellee should have been required to pay the costs incurred on the former appeal before coming into court to protect their rights. The judgment can be enforced on execution. But if it cannot be collected on execution, there is no such connection between the duty to pay the judgment and the right sought to be enforced here as would prevent a party coming into equity for the purpose of preventing an injustice being done him or his property by affecting the title to his property.

On the facts in the present record, we think the chancellor was justified in rendering the decree as rendered, and the judgment will be affirmed.

*Affirmed.*